IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUZAR TRADING, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 21-mc-02273 |
| | § | |
| TRADIVERSE CORPORATION *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORIGINAL ANSWER OF CAPITAL FARM CREDIT, PCA
TO LUZAR TRADING, S.A.'s APPLICATION FOR TURNOVER RELIEF**

Capital Farm Credit, PCA ("***CFC***") submits the following answer to Luzar Trading, S.A.'s application for turnover relief, ("***the Application***") and shows the Court:

1. CFC is without sufficient information to admit or deny the allegations in paragraph 1 of the Application, so for purposes of this answer, the allegations in paragraph 1 are denied.

2. On information and belief, the allegations in paragraph 2 of the Application are admitted.

3. With respect to paragraph 3 of the Application, CFC admits it is a federally chartered Production Credit Association organized under the Farm Credit Act. The remaining allegations in paragraph 3 of the Application are admitted.[1]

4. CFC is without sufficient information to admit or deny the allegations in paragraph 4 of the Application to the extent they refer to the Plaintiff's status as a citizen of Panama. On information and belief, however, the other allegations in paragraph 4 of the Application are admitted.

---

[1] Capital Farm Credit, PCA, is a wholly owned subsidiary of Capital Farm Credit, ACA. As a Production Credit Association, Capital Farm Credit, PCA, makes direct loans to qualified borrowers. Capital Farm Credit, ACA, is effectively the holding company of Capital Farm Credit, PCA.  The ACA does not engage in direct lending. This action appears to be directed at Capital Farm Credit, PCA; however, to the extent necessary, Capital Farm Credit, ACA, joins in this answer and where appropriate from the context, is included in the reference to "CFC."

5. Regarding the venue allegations as plead in paragraph 5 of the Application, CFC denies that venue is proper because to CFC's best knowledge and belief, there is no property that is subject to the Application located within this District. CFC further denies the existence of a so-called line of credit held by the referenced judgment debtor, and even if such a line of credit existed, it is not property of the judgment debtor. There is no "property" that is the subject of this action held by CFC in this District or elsewhere. CFC does, however, acknowledge that is principal office is located in Brazos County, Texas, which is within this District.

6. On information and belief, and according to the docket maintained on the PACER docketing system maintained by the Southern District of New York, the allegations in paragraph 6 of the Application are admitted.

7. According to the docket maintained on the PACER docketing system maintained by the Southern District of New York, the allegations in the first sentence of paragraph 7 of the Application appear to be true and correct (for convenience, the referenced civil action resulting in the apparent judgment as referenced in the Application is referred to here as "***the SDNY Civil Action***"). The basis of such relief would be set forth in the pleadings and other items on file in the SDNY Civil Action, of which this Court can take notice. CFC otherwise denies the allegations in paragraph 7 of the Application.

8. CFC admits that the judgment apparently issued by the Court in the SDNY Civil Action is in the aggregate face amount of $1,656,313.15; however, CFC is without sufficient information to admit or deny whether and to what extent the referenced judgment has or has not been satisfied. Accordingly, any the allegations in paragraph 8 of the Application are denied.

9. CFC denies the allegations in paragraph 9 of the Application. Additionally, any further response to the allegations in paragraph 9 of the Application may require CFC to disclose confidential information pertaining to a member or a borrower of CFC. Any such information may be disclosed only in compliance with 12 C.F.R § 618.8330.  *See also*, 12 C.F.R § 618.8300 *et seq.*

10. Paragraph 10 of the Application does not appear to include any factual allegations beyond describing the relief that Plaintiff seeks in its Application; however, CFC denies and disputes any legal conclusions asserted in Paragraph 10. The authority cited in Paragraph 10 does not stand for the legal conclusions asserted in Paragraph 10. Neither case cited in Paragraph 10 supports (or has anything to do with) the notion that a "line of credit" under which the judgment debtor is the borrower can be the subject of a turnover action.[2]

11. Paragraph 11 of the Application does not appear to include any factual allegations beyond describing the relief that Plaintiff seeks in its Application; however, CFC denies and disputes any legal conclusion asserted in Paragraph 11.

12. With respect to paragraph 12 of the Application, CFC has no reason to dispute that counsel for Luzar Trading has been retained to seek the relief requested in the Application. CFC otherwise disputes any legal conclusions asserted in paragraph 12, and to the extent of paragraph 12 contains any factual allegations, those factual allegations are denied.

13. CFC further denies any other factual allegations in the Application, and CFC disputes any legal conclusions contained in the Application.

14. **Luzar Trading has failed to state a claim on which relief can be granted.** The Application does not identify any property of the judgment debtor subject to execution. Rather, the Application refers only to a so-called line of credit and effectively seeks to have this court order CFC to loan money to the judgment debtor. That is not an appropriate subject of a turnover proceeding as

---

[2] The *Harrison* case addresses a situation in which the judgment debtor was the owner or holder of the subject note, not the borrower. Thus, the subject note could be the property of the judgment debtor in that case. The fact pattern in that unreported decision bears no resemblance to this action. *See Harrison v. Wells Fargo Bank, N.A.,* 2015 WL 1456212 (Tex.App. -- Corpus Christi 2015). Likewise, the *Ross* case addressed a *letter of credit* issued by a bank and pledged to secure a judgment, not a line of credit. *See Ross v. Nat'l. Ctr. For Empl. of the Disabled*, 170 S.W. 3d 635 (Tex.App. -- El Paso 2005, *rev'd on other grounds*, 201 S.W. 3d 694 (Tex. 2006).

against a non-debtor entity – rather, a turnover proceeding must implicate property of the judgment debtor.[3]

15. To the extent CFC is entitled to recover its reasonable attorney fees and costs in responding to the Application, CFC requests such relief.

WHEREFORE, Capital Farm Credit, PCA, joined as necessary by Capital Farm Credit, ACA, prays that Plaintiff, Luzar Trading, S.A., take nothing by its Application as against CFC. CFC prays for general relief.

Respectfully submitted,

*/s/ Roger Cox*
ROGER S. COX, Texas State Bar No. 04956200
UNDERWOOD

P. O. Box 9158
Amarillo, Texas 79105-9158

1008 Macon St Ste 101
Fort Worth, Texas 76102

Telephone (Direct): (806) 242-9651
Fax: (806) 379-0316
E-mail: roger.cox@uwlaw.com

*Counsel for Capital Farm Credit, PCA, Defendant, and as counsel for Capital Farm Credit, ACA*

---

[3] To reiterate what is stated in the preceding footnote, the authority cited in paragraph 10 of the Application has nothing to do with accessing a line of credit loan facility as an appropriate subject of a turnover action. This could be the subject of a Rule 12 motion to dismiss, but given the facts as known to CFC, this answer is instead filed on the merits.

**CERTIFICATE OF SERVICE**

  The undersigned certifies that a true and correct copy of this document has been served on the following counsel of record as follows:

  Ivan M. Rodriguez
  910 Louisiana Street, Suite 4300
  Houston, Texas 77002

  J. Alan Harrell
  II City Plaza
  400 Convention Street, Suite 1100
  Baton Rouge, Louisiana 70802

| | | |
|---|---|---|
| Date of service: | November 17, 2021 | |
| | Method: | ECF and Email |
| | Email: | ivan.rodriguez@phelps.com |
| | | alan.harrell@phelps.com |

        */s/ Roger Cox*